```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RONALD GENE CHILCOTE,          :   CIVIL NO. 3:04-CV-2517
                               :
          Petitioner           :   (Judge Munley)
     v.                        :
                               :   (Magistrate Judge Smyser)
JOSEPH V. SMITH, Warden,       :
A.J. BOOTH, I.S.M.,            :
                               :
          Respondents          :
```

## REPORT AND RECOMMENDATION

The issue in this habeas case is whether the Bureau of Prisons has accurately computed the amount of time that petitioner Ronald Gene Chilcote must serve on his federal sentence.

The petitioner pleaded guilty in the United States District Court for the District of Oregon to a charge of being a felon in possession of a firearm. *Doc. 4, Booth Declaration, Exhibit 1.* The petitioner's plea was pursuant to a plea agreement with the United States that provided *inter alia* that the United States would recommend that the petitioner receive a 77 month sentence and that the sentence be imposed to run concurrently with any state sentences which are in place at the

time of sentencing. *Doc. 1, Seventh Exhibit.* On January 24, 2000, Judge Ancer L. Haggerty sentenced the petitioner to 77 months imprisonment. *Doc. 4, Booth Declaration, Exhibit 1.* The Judgment issued by Judge Haggerty provides, in pertinent part: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 77 months. Said sentence to be served concurrently with the undischarged term of imprisonment imposed in Marion County Circuit Court Case No. 87C22052." *Id.*

At the time of his federal sentencing, the petitioner was in the custody of Oregon state officials serving a parole violation term. *Doc. 4, Booth Declaration at ¶4.* The petitioner was produced in federal court pursuant to a writ of habeas corpus ad prosequendum *Id.* at ¶5. On January 25, 2000, the petitioner was returned to state custody to continue service of his parole violation term. *Id.*

By a decision dated January 27, 2000, the Oregon Board of Parole ordered that the petitioner be paroled and released to serve his federal sentence. *Id.* at ¶6. On February 9, 2000,

the United States Marshal for the District of Oregon assumed custody of the petitioner. *Id.* at ¶7.

The petitioner is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. *Id.* at ¶2. The Bureau of Prisons (BOP) has determined that the petitioner's federal sentence began to run on January 24, 2000. *Id.* at ¶*9.* The BOP projects that with all applicable good time credits the petitioner's federal sentence will expire on November 8, 2005. *Id.* at ¶12.

On November 19, 2004, the petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

By an Order dated November 29, 2004 the respondents were ordered to show cause on or before December 20, 2004 why the petitioner should not be granted habeas corpus relief. The Order of November 29th also permitted the petitioner to file a reply.

On December 20, 2004, the respondents filed a response to the petition, and on December 29, 2004, the petitioner filed a reply.

The petitioner claims that the BOP has failed to properly calculate his sentence.  He claims that by refusing to apply a credit of 15 months and 6 days to his sentence the BOP is in essence requiring that he serve his federal sentence consecutive to his state parole violation term even though Judge Haggerty ordered that his federal sentence run concurrent to his state parole violation term.

Although a challenge to a sentence as imposed must be made to the sentencing court, a challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), *cert. denied*, 429 U.S. 851 (1976).

The petitioner named as respondents in this case Warden Joseph V. Smith and Inmate Systems Manager A.J. Booth.

Pursuant to 28 U.S.C. § 2243 the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). The only proper respondent in this case is Warden Smith. It will be recommended that Inmate Systems Manager A.J. Booth be dismissed as a respondent.

The petitioner contends that he is entitled to the credit he is seeking because Judge Haggerty intended that the sentence he imposed on the petitioner would run concurrently with the entire term of the petitioner's state parole violation sentence pursuant to Sentencing Guideline § 5G1.3. In essence, the petitioner is contending that Judge Haggerty intended to grant him credit toward his federal sentence for the time that he had already served on his parole violation term.

In *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002), the United States Court of Appeals for the Third Circuit held that under Sentencing Guideline § 5G1.3(c) the sentencing court may

5

adjust a defendant's sentence so as to account for time served on an unrelated state sentence.  In *Ruggiano*, in response to a request from defense counsel to run the federal sentence concurrent to a state sentence, the trial court stated: "It doesn't sound as if he has much time to go on the state sentence.  But I think it makes sense to go ahead and recommend that it be served concurrently and that he receive credit for the amount of time he has served there."  *Id.* at 125.  The sentencing court's written judgment in *Ruggiano* provided: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 112 months. Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." *Id.*  In *Ruggiano*, the Third Circuit determined that although he did not mention Sentencing Guideline § 5G1.3(c), the sentencing judge intended to adjust the defendant's sentence pursuant to Sentencing Guideline § 5G1.3(c) to account for time served on the unrelated state sentence.  *Id.* at 134.  The Third Circuit held that the BOP's failure to implement the sentence imposed by the sentencing court mandated habeas corpus relief under § 2241. *Id.* at 136.

In the instant case, there is no basis to conclude that Judge Haggerty intended to adjust the petitioner's sentence pursuant to Sentencing Guideline § 5G1.3(c) so as to account for the time that the petitioner had already served on his parole violation sentence.  The judgment in this case provided that the petitioner's federal sentence was to be served concurrently with the undischarged term of imprisonment imposed by the state.  Unlike in *Ruggiano,* the judgment in this case does not refer to credit for time served.  We also note that the plea agreement in this case does not mention credit for time served or Sentencing Guideline § 5G1.3(c) and the petitioner has not presented any evidence that at sentencing his counsel requested an adjustment pursuant to Sentencing Guideline § 5G1.3(c).

The petitioner contends that a letter dated April 23, 2002 to him from Judge Haggerty supports his claim.  In that letter Judge Haggerty writes, in pertinent part:

> You are correct that your 11(e)(1)(c) plea called for a 77 month concurrent sentence with your state court sentence.  This is the sentence that I gave you on January 24, 2000.
>
> You state in your letter that you were arrested on October 25, 1998, and that your concurrent

7

>           time should have began on that date.  This is
>           incorrect.  Although your arrest for the state
>           court matter occurred on October 25, 1998, your
>           federal time could not have started prior to
>           June 4, 1999, when you were transferred to the
>           custody of the U.S. Marshal.  The calculation
>           of your release date is totally up to the
>           Bureau of Prisons, subject to your
>           administrative remedies.

*Doc. 1, Ninth Attached Exhibit.*

This letter does not support an inference that it was Judge Haggerty's intent that the petitioner's sentence be retroactively concurrent with his parole violation sentence from the date of the petitioner's arrest.  Judge Haggerty specifically states in the letter that the petitioner's contention that his concurrent time should have begun on the date of his arrest is incorrect.  Judge Haggerty does state in the letter that the petitioner's federal time could not have started prior to June 4, 1999.  However, Judge Haggerty does not state that he intended the petitioner's sentence to be adjusted so that the petitioner would receive credit on his federal sentence from the date of June 4, 1999 and there is absolutely no indication in the Judgment of January 24, 2000 that Judge Haggerty intended that the petitioner be credited

8

with time served on his parole violation term from June 4, 1999.

In the instant case, Judge Haggerty ordered that the petitioner's federal sentence be served concurrently with the undischarged term of his parole violation sentence.  The petitioner's federal sentence did run concurrently with the undischarged term of his state parole violation sentence.  The petitioner's federal sentence ran concurrently with his state sentence from the date of federal sentencing on January 24, 2000 until the date the petitioner was paroled from the state term on January 27, 2000.  Due to the Oregon Parole Board's parole of the petitioner on January 27, 2000, the petitioner's federal sentence and parole violation term ran concurrently for only a few days.  There is no evidence that in sentencing the petitioner Judge Haggerty intended anything other than that the petitioner's federal sentence run concurrently with the remaining part of his parole violation term, however long that remaining term turned out to be.

Given that there is no basis to conclude that Judge Haggerty intended to adjust the petitioner's sentence pursuant

9

Sentencing Guideline § 5G1.3(c) so as to account for the time that the petitioner had already served on his parole violation sentence, the petitioner is not entitled to credit toward his sentence on the basis of the reasoning of *Ruggiano.*

Next, we address whether the petitioner is entitled to credit toward his sentence for the time he served in state custody pursuant to 18 U.S.C. § 3585(b). 18 U.S.C. § 3585(b) concerning credit for prior custody, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

"The courts have construed the last clause of section 3585(b) as limiting an award of credit for time served prior to the imposition of a federal sentence under section 3585(b) to instances where the time period was not spent in service of a previously imposed sentence and thus had not been credited against that earlier sentence." *Rios v. Wiley*, 201 F.3d 257,

10

272 (3d Cir. 2000). In other words, 18 U.S.C. § 3585(b) prohibits the award of double credit. *Id.; United States v. Wilson*, 503 U.S. 329, 337 (1992)(stating that Congress made clear in section 3585(b) that a defendant could not receive double credit for his detention time).

Although the petitioner was transferred to federal custody prior to his federal sentencing pursuant to a writ of habeas corpus ad prosequendum, he nevertheless remained in the primary custody of Oregon. *See Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000)("[A] prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."). The petitioner received credit toward his state parole term for the period he was in custody pursuant to the writ of habeas corpus ad prosequendum. *Doc. 4, Booth Decl. at ¶10.* Thus, the petitioner is not entitled pursuant to 18 U.S.C. § 3585(b) to any award of credit toward his federal sentence for that time.

In the concluding paragraph of his reply, the petitioner intimates that his guilty plea was invalid because

11

the plea bargain was not effectuated and he requests that the court allow him to withdraw his plea and proceed to trial.  A challenge to a sentence as executed by prison officials may be made by a § 2241 petition for a writ of habeas corpus.  However, a challenge to the validity of the petitioner's plea must be made by way of 28 U.S.C. § 2255 motion to the sentencing court.

Based on the foregoing, it is recommended that Inmate Systems Manager A.J. Booth be dismissed as a respondent, that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

DATED:  January 21, 2005.