IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD GENE CHILCOTE,** | : | No. 3:04cv2517 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **JOSEPH V. SMITH, WARDEN;** | : | |
| **A.J. SMITH, Inmate Systems Manager,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge J. Andrew Smyser, which recommends that Inmate Systems Manager A.J. Booth be dismissed as a respondent, that the petition for a writ of habeas corpus be denied and that the case file be closed. Petitioner has filed objections to the report and recommendation. For the reasons that follow, the objections will be overruled and the report and recommendation will be adopted.

**Background**

Petitioner pled guilty in the United States District Court for the District of Oregon to a charge of being a felon in possession of a firearm. (Res. Ex. A., Att. 1). On January 24, 2000, Judge Ancer L. Haggerty of the United States District Court for the District of Oregon, sentenced petitioner to 77 months imprisonment. Id. In pertinent part, Judge Haggerty's judgment provides as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 77 months. Said sentence to be served concurrently with the undischarged term of imprisonment imposed in Marion County Circuit Court Case No. 87C22052." Id.

When he was sentenced by Judge Haggerty, petitioner was in the custody of Oregon state officials and serving a sentence for a parole violation. (Res. Ex. 1, Booth Declaration at ¶ 4.). Petitioner appeared in federal court pursuant to a writ of habeas corpus ad prosequendum. Id. at ¶ 5. A day after the sentencing, January 25, 2000, petitioner was returned to state custody to continue service of his parole violation term. Id.

The Oregon Board of Parole, by decision dated January 27, 2000, ordered that petitioner be paroled and released to serve his federal sentence. Id. at ¶ 6. The United States Marshal for the District of Oregon assumed custody of the petitioner on February 9, 2000. Id. at ¶ 7.

The United States Bureau of Prisons ("BOP") determined that petitioner's federal sentence commenced on January 24, 2000, the date on which he was sentenced by Judge Haggerty. Id. at ¶ 9. Petitioner's federal sentence will expire on November 8, 2005, according to a BOP projection taking into account all applicable good time credits. Id. at ¶ 12. He is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Id. at ¶ 2.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("section 2241") on November 19, 2004. Petitioner claims that the BOP has improperly calculated his sentence. He seeks a credit of fifteen (15) months and six (6) days applied to his sentence to account for the time he spent in state prison on his parole violation prior to his federal sentencing. In the event that we disagree with the petitioner's position, he seeks to withdraw his guilty plea as invalid because, he argues, the plea bargain was not effectuated. He seeks to have the plea withdrawn and to proceed to trial.

Magistrate Smyser suggests that the sentence has been calculated correctly by the BOP. He further recommends that the remainder of the issues must be denied as they cannot be raised in a section

2241 petition. After a careful review, we are in agreement with the Magistrate.

**Standard of review**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  The judge may also receive further evidence or recommit the matter to the magistrate with instructions. Id.

### Discussion

The report and recommendation addresses three issues: 1) whether A.J. Smith is a proper respondent; 2) whether the BOP has correctly calculated the petitioner's sentence; and 3) whether the petitioner can attack his guilty plea in this court.  We will address these issues *in seriatim*.

### I.  Is A.J. Smith a proper respondent?

The law provides that a writ of habeas corpus shall be directed to the petitioner's custodian.  28 U.S.C. § 2243.  The warden of the prison where the petitioner is incarcerated is considered his custodian for purposes of a habeas corpus petition.  Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  Accordingly, the sole proper respondent in the instant case is Joseph V. Smith, the Warden of the United States Penitentiary in Lewisburg, Pennsylvania.   Accordingly, A.J. Booth, will be dismissed as a respondent.

### II.  Did the BOP correctly calculate the petitioner's sentence

Petitioner challenges the calculation of his sentence by the Bureau of Prisons.  We have subject matter jurisdiction over the portion of the habeas corpus petition challenging the calculation of the petitioner's sentence under section 2241.  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001) ("[Section]

3

2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.").

United States Sentencing Guideline 5G1.3(c) provides that a sentencing court may adjust a defendant's sentence to receive credit for time served on a state court sentence. Petitioner claims that this is precisely what the judge in his case did. We disagree as the record is void of any basis to conclude that the sentencing judge intended such a result.

The judgment entered in the instant case reveals that the defendant was sentenced to a term of imprisonment of 77 months "to be served concurrently with the undischarged term of imprisonment imposed in Marion County Circuit Court No. 87C22052." (Res. Ex. A, Att. 1, Judgment of January 24, 2000). From the plain language utilized in the court's judgment, the petitioner's sentence was to run concurrently with the "undischarged" term of imprisonment on the state court case. The petitioner's state court sentence ended on January 27, 2000. The BOP calculates the petitioner's release date from January 24, 2000, the date of his federal sentencing. Res. Ex. A, Att. 11. Therefore, he receives credit for the few days he had left undischarged on his state court sentence.

Evidently, the petitioner argues that the judge intended to impose a retroactively concurrent sentence, so that he would be credited for time served in prison prior to the date of his federal sentencing. No evidence in the record suggests that the sentencing judge intended such a sentence. For example, the sentencing judge did not explicitly direct that the defendant was to receive credit for such time. Cf., Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002) (holding that sentence was retroactively concurrent where the sentencing judge stated that the defendant was to receive credit for time served).

The evidence that the petitioner presents in support of his position is a letter he received from the

4

judge after the sentencing. The letter provides:

> You are correct that your 11(e)(1)(c) plea called for a 77 month concurrent sentence with your state court sentence. This is the sentence that I gave you on January 24, 2000.
>
> You state in your letter that you were arrested on October 25, 1998, and that your concurrent time should have begun on that date. This is incorrect. Although your arrest for the state court matter occurred on October 25, 1998, your federal time could not have started prior to June 4, 1999, when you were transferred to the custody of the U.S. Marshal. The calculation of your release date is totally up to the Bureau of Prisons, subject to your administrative remedies.

Doc. 1, Habeas Petition, Ex. 9.

Although, the judge indicates that petitioner's federal time "could not have started prior to June 4, 1999," he does not indicate that it was his intention that it start on this date or that the sentence he imposed was to be retroactively concurrent. Moreover, the judge stated that the calculation of his release date was "totally up to the Bureau of Prisons." Thus we find no merit to the petitioner's claim that his sentence has been improperly calculated.

### II. Guilty Plea

In the event that we find that the petitioner's arguments with respect to the calculation of his guilty plea are without merit, he seeks to withdraw his guilty plea. We cannot address this issue. A challenge to the validity of a guilty plea must be presented to the sentencing court through a motion made pursuant to 28 U.S.C. § 2255. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which**

5

**imposed the sentence** to vacate, set aside or correct the sentence. 28 U.S.C. § 2255 (emphasis added).

The only exception is where the § 2255 procedure is shown to be "inadequate or ineffective," then a prisoner may apply for a writ of habeas corpus under 28 U.S.C. § 2241. United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); 28 U.S.C. § 2255.

In the instant case, the petitioner was sentenced by the United States District Court in for the District of Oregon. He has not demonstrated that a section 2255 motion filed in that court would be ineffective or inadequate. Therefore, we do not have jurisdiction to grant him the relief he seeks.

**Conclusion**

For the reasons set forth above, A.J. Smith will be dismissed as a respondent, and the petition for a writ of habeas corpus will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD GENE CHILCOTE,** : | No. 3:04cv2517 |
| **Petitioner** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **JOSEPH V. SMITH, WARDEN;** : | |
| **A.J. SMITH, Inmate Systems Manager,** : | |
| **Respondents** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 26th day of May 2005, it is hereby **ORDERED** as follows:

1) The petitioner's objections to the magistrate's report and recommendation (Doc. 10) are **OVERRULED**;

2) The magistrate's report and recommendation (Doc. 9) is hereby **ADOPTED**;

3) A.J. Smith is **DISMISSED** as a respondent;

4) The petition for a writ of habeas corpus is **DENIED**;

5) The Clerk of Court is directed to close this case;

6) Because of our disposition of this case, we decline to issue a certificate of appealability. A certificate of appealability may issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Based upon the reasoning in the accompanying memorandum, a certificate of appealability is not warranted.

                           **BY THE COURT:**

                           **s/ James M. Munley**
                           **JUDGE JAMES M. MUNLEY**
                           **United States District Court**